UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. KELLY, | |
| Plaintiff, | No. C 05-01789 MHP |
| v. | |
| KAISER FOUNDATION HOSPITALS, INC.; KAISER FOUNDATION HEALTH PLAN, INC.; KAISER PERMANENTE GROUP; TOM LONG; MARIO CASTANEDA; and Does 1 through 10, inclusive, | **ORDER TO SHOW CAUSE** |
| Defendants. | |

Plaintiff Thomas C. Kelly filed this action against defendants Kaiser Foundation Hospitals, Inc. et al. (collectively, "Kaiser"), seeking damages arising out of defendants' alleged discrimination against plaintiff based on his age and disability. The court has twice granted defendants' motions to dismiss all or part of plaintiff's complaint. In addition, the court has ordered plaintiff on three separate occasions to complete his mandatory initial disclosures, as specified in Federal Rule of Civil Procedure 26(a).

The relevant procedural history of this litigation is as follows. Plaintiff filed this lawsuit on April 29, 2005. The parties' initial disclosures under Rule 26(a) were due on August 22, 2005, but plaintiff failed to serve defendants with the complaint until after that date. Following service of the complaint, the parties agreed to exchange their Rule 26(a) disclosures by November 3, 2005. On November 3, defendants served plaintiff with their initial disclosures, including supporting documents. Plaintiff did not serve any disclosures or documents at that time.

The parties appeared before the court on November 28, 2005 on defendants' motion to dismiss plaintiff's original complaint. The original complaint is a two-page document which purports to state claims for violations of numerous state and federal statutes, including the Employee Retirement Income Security Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, Title VII, and unspecified provisions of the California Labor Code. The court noted the gross inadequacy of plaintiff's original complaint and ordered plaintiff to file a properly drafted complaint by December 19, 2005.

In addition, given plaintiff's failure to provide any initial disclosures as required by Rule 26(a), the court ordered plaintiff to produce the disclosures by the same date—December 19.

Plaintiff failed to file an amended complaint or produce his initial disclosures on December 19. Instead, plaintiff filed a first amended complaint on January 5, 2006, almost one month later. Plaintiff served the first part of his initial disclosures—a list of witnesses—on January 22, 2006.

The parties appeared before the court again on January 23, 2006 for a case management conference. The court admonished plaintiff a second time for failure to provide the required discovery and ordered the parties to meet and confer to establish a date for the completion of plaintiff's initial disclosures. Plaintiff subsequently agreed to produce documents in support of his claims by February 6, 2006—three days before the parties' scheduled mediation. Plaintiff again failed to produce any documents. Instead, plaintiff brought a disorganized and incomplete set of state disability payment checks to the February 9 mediation. Plaintiff did not actually supply copies of any documents to defendants until March 1, 2006.

The parties appeared before the court a third time on April 10, 2006 in connection with defendants' motion to dismiss plaintiff's first amended complaint, or in the alternative to require plaintiff to provide a more definite statement. The court granted defendants' motion almost in its entirety and ordered plaintiff to file a second amended complaint no later than May 18, 2006. In granting defendants' motion, the court noted that plaintiff had failed to cure several of the defects in

the original complaint.  In particular, plaintiff failed to specify which portion of the ERISA statute defendants allegedly violated, and combined several distinct claims in a single (often incoherent) paragraph.

At the hearing on the motion to dismiss, defendants noted that plaintiff had still not satisfactorily completed his initial disclosures and had violated an order of this court by failing to produce documents to defendants in a timely fashion.  The court summarized this discussion in its order on defendants' motion:

> Plaintiff does not dispute that he repeatedly failed to produce documents supporting his claim for damages until March 1, 2006, in violation of his agreement with opposing counsel and this court's order of November 28, 2005.  Plaintiff failed to produce any disclosure at all until January 22, 2006—over one month later than ordered by this court.  As explored at oral argument, plaintiff's January 22 disclosure is woefully inadequate, comprising a list of witnesses with no indication as to each witness's knowledge or expected areas of testimony.

Kelly v. Kaiser Found. Hosps., Inc., No. C 05-1789, 2006 U.S. Dist. LEXIS 20988, at *20–*21 (N.D. Cal. Apr. 18, 2006).  The court chastised plaintiff and again ordered plaintiff to correct the shortcomings in his initial disclosure:

> Plaintiff's failure to produce his required disclosures in a timely fashion is certainly troubling.  Counsel for plaintiff has known of the need to collect and produce documents supporting plaintiff's damages claim since at least April 2005—a full ten months before the documents were actually produced.  The failure of plaintiff's counsel to do so has caused defendants to spend needless time issuing requests for the documents, wasted the resources of this court and seriously undermined the productivity of the February 9, 2006 mediation.  *Plaintiff is therefore ordered to complete his required initial disclosures, including an updated witness list with meaningful information about each witness's knowledge, within two weeks of the hearing for this motion.  If plaintiff fails to complete his required disclosure, the court will seriously consider imposing monetary sanctions against plaintiff's attorney.*

Id. at *21–*22 (emphasis added).

In flagrant disregard of this order and the threat of sanctions stated therein, plaintiff failed to produce an updated witness list by April 24, 2006.  In addition, plaintiff is over four weeks delinquent in responding to defendants' first set of interrogatories and document requests, which were due on April 3, 2006.

3

1    Finally, defendants noted at the April 10, 2006 hearing that plaintiff's claims, which are
2 predicated on defendants' supposed failure to pay plaintiff for the period between December, 2004
3 and April, 2006, appear to be without merit.  Defendants claimed that their payroll records, which
4 were produced to plaintiff at the mediation in February, 2006, show that plaintiff was paid
5 throughout the disputed period.  Plaintiff's attorney professed ignorance at the April 10, 2006
6 hearing as to the existence or contents of these records.  Defendants subsequently produced the
7 payroll records to the court.  Having reviewed the records, the court notes that they provide a *prima*
8 *facie* rebuttal to plaintiff's claim that he was not paid during the relevant period.

9    The conduct of plaintiff's counsel in pursuing this action has been shockingly dilatory and
10 sloppy.  Counsel's failure to comply with the Federal Rules of Civil Procedure and this court's
11 orders, failure to state intelligible claims, and failure to review or understand critical documents
12 which undermine the core of her client's case reflect a level of incompetence that this court would
13 not tolerate in a *pro se* litigant, much less a licensed attorney who seeks compensation for her
14 services.

15    Federal Rule of Civil Procedure 37(b) provides that

> [i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party

20 In addition to authority provided by the Rule 37(b), "[a]s part of the Court's inherent power to
21 control its docket, the Court may dismiss a claim for failure to comply with court orders."  Housley
22 v. Law Firm of Meyer & Mitchell, No. C 92-2898, 1995 WL 566041, at *1 (N.D. Cal. Sept. 18,
23 1995) (Illston, J.) (citing Thompson v. Housing Authority of Los Angeles, 782 F.2d 829 (9th Cir.
24 1986)).  Plaintiff has now violated two court orders in connection with his initial disclosures.  In
25 addition, based on plaintiff's inability to state coherent claims for relief and plaintiff's counsel's
26 failure to review the payroll documents which undermine her client's claims, the court finds that
27 dismissal may be the appropriate sanction.

4

Plaintiff is therefore ordered to show cause, within 30 days of this order, why the action should not be dismissed with prejudice for failure to obey orders of this court and for failure to prosecute the lawsuit with appropriate diligence. Defendants may respond within 14 days of plaintiff's submission. Plaintiff's counsel shall serve or send a copy of this order to her client by certified or registered mail return receipt requested within ten (10) days of this order and file the receipt with the court.

IT IS SO ORDERED.

Dated: May 5, 2006

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California